UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN JAMES BLUEMLEIN,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KERNS, *et al.*,<br><br>Defendants. | Case No. 25-cv-12637<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADJOURN CONFERENCE DATE**
**(ECF NOS. 19, 20)**

Plaintiff Christian James Bluemlein moves for appointment of counsel. ECF No. 20. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is

rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Bluemlein says that he needs counsel because he is 23 years old and lacks legal training. These are not exceptional circumstances. Bluemlein's complaint is easily understood, and he advances straightforward Eighth Amendment claims. ECF No. 1. For these reasons, Bluemlein's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Bluemlein also moves to adjourn a scheduling conference set for December 18, 2025. ECF No. 19. The notice to appear on December 18

was entered in error and was later stricken from the record. ECF No. 17. No scheduling conference took place on that date. Instead, the Court entered a scheduling order setting out the deadlines governing the case. ECF No. 18. Thus, Bluemlein's motion to adjourn is **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 12, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2026.

                                        <u>s/Davon Allen</u>
                                        DAVON ALLEN
                                        Case Manager